Charles A. Loreto, J.
Motion for leave to permit late filing of a notice of intention to file a claim against the Motor Vehicle Accident Indemnification Corporation (Insurance Law, art. 17-A). The act provides a remedy for injured claimants through negligence of parties who are either uninsured or unknown to the claimants. Subdivision b of section 608 of the Insurance Law provides that ‘ ‘ Any qualified person having a cause ór causes of action because of death or bodily injury, arising out of a motor vehicle accident * * 5 and who shall file with the corporation within ninety days of the accrual of such action, as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit stating that (1) he has a cause or causes of action arising out of such accident for damages and setting forth the facts in support thereof, * * * and (3) he intends to make a claim thereon for such damages ”. Subdivision c of section 608 provides:
“Where the qualified person is an infant or is mentally or physically incapacitated or is deceased, and by reason of such disability or death is prevented from filing the affidavit as provided in paragraph (a), paragraph (b) or paragraph (e) above within the applicable period specified therein, (1) the corporation may accept the filing of the affidavit after the expiration of said applicable period if accompanied by proof, satisfactory to the corporation, of the facts which caused the delay and that it was not reasonably possible to file such affidavit within said applicable period and that the affidavit was filed as soon as was reasonably possible or (2) a court of competent jurisdiction, in its discretion, may upon like proof grant leave to file the affidavit within a reasonable time after the expiration of the above mentioned applicable period.
“ Application to the court for such leave must be made within one hundred twenty days from the beginning of the applicable period for filing the affidavit, as specified in paragraph (a) (Italics supplied.)
*548 Concededly no notice was filed within the 90-day period with the corporation, nor was an application made to a court within 120 days from the “beginning of the applicable period for filing the affidavit.”
On the papers before the court there is no showing of the timely commencement of a proceeding to enable the court to exercise its discretion to permit a late filing thereof. A new remedy not heretofore existing has been created by statute. The Legislature prescribed the limit of time within which relief may be sought in court. The court is not empowered to enlarge the time of the applicant beyond the period of 120 days to present his application for leave to file his affidavit of claim. The motion is accordingly denied.