Samuel H. Hofstadter, J.
Application is made on behalf of an infant, through his guardian ad litem, for an order granting leave to file belatedly a claim pursuant to section 608 of the Insurance Law, with the Motor Vehicle Accident Indemnification Corporation.
This corporation, referred to as MVAIC, was created in 1958 by the Motor Vehicle Accident Indemnification Corporation Law, now article 17-A of the Insurance Law. Broadly speaking, the purpose of the law, as declared by the Legislature, is to secure recompense for loss on account of injury to or death of persons who, through no fault of their own, are involved in motor vehicle accidents caused by uninsured or hit-and-run vehicles or operators.
On April 22, 1959 the infant plaintiff was struck by an automobile driven by the wife of its owner and action was brought against both the owner and his wife. After default in appearance in the action, the infant’s attorneys, though at first *944 informed by the Bureau of Motor Vehicles that the defendants were covered by insurance, eventually ascertained that they were uninsured. This was communicated to the attorneys in a letter of the Commissioner of Motor Vehicles, dated October 15, 1959, the first definitive notice of the absence of insurance. Promptly thereafter, the affidavit prescribed by subdivision (a) of section 608 was submitted to the MVAIC1, which, in acknowledgement, sent the attorneys some forms for execution. These forms, when filled out, were transmitted to the MVAIC. On November 18, 1959, however, the MVAIC rejected the claim because not timely filed.
Subdivision (a) of section 608 of the Insurance Law, applicable to the present case, provides that a qualified person having a cause of action because of personal injury arising out of a motor vehicle accident shall file with the MVAIC, within 90 days of the accrual of the cause of action, “as a condition precedent to the right thereafter to apply for payment from the corporation ” a prescribed affidavit. Though the objectives of this law are most beneficent and command the court’s full sympathy, nevertheless it cannot be gainsaid that the law has created a new right. It is elementary that a new right so conferred by the Legislature may be made subject to conditions, compliance with which is an essential of the right itself. In such case, the right is unenforcible unless the prescribed condition has first been met. The right here dealt with is clearly of that character, for the law expressly declares that the filing of the affidavit within the prescribed period is a condition precedent.
True, the statute further provides that where the qualified person is an infant or is mentally or physically incapacitated, or is deceased, and by reason of such disability or death is prevented from filing the affidavit within the applicable period specified therein, the MVAIC may accept the filing of the affidavit after the expiration of such period, if accompanied by proof satisfactory to it, of the facts which caused the delay and that it was not reasonably possible to file the affidavit within the applicable period and that it was filed as soon as was reasonably possible, or a court of competent jurisdiction, in its discretion, may upon like proof grant leave to file the affidavit within a reasonable time after the expiration of the applicable period. Since the MVAIC refused to accept the late filing of the affidavit, the intervention of the court is sought.
It is doubtful whether the lateness in filing the affidavit is attributable to the disability of infancy; there is here no claim of mental or physical incapacity. It seems to have been due *945 rather to the confusion engendered by the original misinformation regarding insurance coverage and the consequent delay in finally learning that there was no insurance. However, even though it were assumed that the infant was prevented by reason of this disability from filing the affidavit on time, there is nevertheless an insuperable obstacle to the granting of the present application.
Section 608 of the Insurance Law provides that application to the court for leave to file the affidavit after the expiration of the prescribed period 1 ‘ must be made within one hundred twenty days from the beginning of the applicable period for filing the affidavit.” This language is almost identical with that of subdivision 5 of section 50-e of the General Municipal Law, which has been construed to withhold from the court the discretion to entertain an application after the time fixed in the statute (one year there) has gone by. (Matter of Martin v. School Bd. of Long Beach, 301 N. Y. 233; Matter of Barrett v. City of New York, 1 A D 2d 993.) As the court said in Matter of Barrett v. City of New York (supra): “Unfortunately, sympathetic consideration notwithstanding, the statute reposes no - discretion in the court where the application is made more than one year after the happening of the event upon which the claim is based.” It follows that the court has no alternative to the denial of the application, however much it might otherwise be disposed to give it favorable consideration.
The conclusion so commanded by the law prompts the court to suggest the possible need for study by the Legislature of the question whether, in the light of experience, the enlargement of the periods of 90 and 120 days respectively now prescribed would not be more conducive to the attainment of the purposes of the law. The application is denied.