Murray T. Feiden, J.
This is an application for an order “ pursuant to Section 618 of the Insurance Law ” granting leave to petitioner to serve upon the Motor Accident Indemnification Corporation a late notice of claim, and permission to commence an action against said corporation.
Petitioner claims that the accident occurred when the motor vehicle which he was operating was struck by another motor vehicle which had gone through a full stop sign without stopping ; that the driver of the latter vehicle fled the scene of the accident and abandoned the car, and that his identity cannot be ascertained.
The Motor Vehicle Accident Indemnification Corporation was created by the Motor Vehicle Accident Indemnification Corporation Law, now article 17-A of the Insurance Law, enacted in 1958. The purpose of the law is to secure to qualified persons, as defined therein, recompense for injuries or death resulting from negligence of parties who are either uninsured or unknown to the claimants.
*274 Section 618 afore-mentioned, found in article 17-A of the Insurance Law, and upon which petitioner relies as authorizing the relief sought on this application, provides in subdivision “a” thereof, that permission to commence an action against the corporation may be granted by the court when it is satisfied that, among other prerequisites specified in said subdivision, “ (1) the applicant has complied with the requirements of section six hundred eight
Section 608 provides with respect to a hit and run case, such as is here presented, that ‘ ‘ the protection provided by the corporation * * * shall be available to: * * * (b) Any qualified person having a cause or causes of action because of death or bodily injury, arising out of a motor vehicle accident * * * and who shall file with the corporation within ninety days of the accrual of such action, as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit stating that (1) he has a cause or causes of action arising out of such accident for damages and setting forth the facts in support thereof, (2) such cause or causes of action lie against a person or persons whose identity is unaseertainable, and (3) he intends to make a claim thereon for such damages
It is elsewhere provided in section 608 that where such qualified person is an infant or is mentally or physically incapacitated from filing such affidavit of claim wtihin the afore-mentioned 90-day period, an application to a court of competent jurisdiction may be made for leave to file the affidavit within a reasonable time after the expiration of such period. The section, however, further provides that such application ‘ ‘ must be made within one hundred and twenty days from the beginning of the applicable period for filing the affidavit ’ \
The accident in the instant case occurred on September 10, 1959. No notice of intention to make a claim was sought to be filed with the corporation until March 14, 1960.
There is no contention by petitioner that he was prevented by reason of infancy or mental or physical incapacity. In any event, no application was made prior to the expiration of the 120-day period within which such application is required to be made. Such failure is attempted to be excused on the ground that the time within which said notice of claim was to be filed was spent in unsuccessfully attempting to locate and serve the owner of the other vehicle and on the further ground that the procedure is still not well known to attorneys.
It is manifest from the foregoing that the petitioner has failed to meet the applicable requirements of section 608. (Tyler v. Gammon, 21 Misc 2d 546; see, also, Matter of Bregartner, *275 N. Y. L. J., Jan. 21, 1960, p. 14, col. 7; Matter of Acevedo, N. Y. L. J., Feb. 23, 1960, p. 12, col. 3, Levey, J.; Rosante v. Copenhaver, N. Y. L. J., March 3,1960, p. 16, col. 8.)
The motion is accordingly denied.