John H. Farnham, J.
Claimant, a nonresident of New York State, moves for an order granting him permission to serve and file his affidavit of notice of intention to file claim arising out of an automobile accident which occurred in Jefferson County on April 22, 1961.
This application is made for the reason that' in the accident involving two motor vehicles, in one of which the claimant was a passenger, the identity of the operator of the vehicle which it is claimed caused claimant’s injuries, is unknown, and the moving papers state that his identity is unascertainable.
The application is made under paragraph (c) of section 608 of the Insurance Law. It provides that and fixes the period during which the affidavit may be filed at 90 days from the commencement of the applicable period, except in unusual instances, as designated in the said statute. The statute further states that application to the court for leave to file the affidavit after 90 days, ‘ ‘ must be made within one hundred and twenty days from the beginning of the applicable period for filing the affidavit ’ ’.
Said section 608 has been construed to such an extent that it allows the court no discretion to grant the order after the lapse of the 120-day period above designated. Claimant’s notice of motion is dated more than 120 days from the date of the accident, which this court believes is the commencement date of the applicable period referred to in the statute and was returnable several days after the 120-day period expired. (See Matter of Raphael v. Motor Vehicle Acc. Ind. Corp., 27 Misc 2d 273; Tyler v. Gammon, 21 Misc 2d 546; Matter of Danielson v. Motor Vehicle Acc. Ind. Corp., 22 Misc 2d 943.)
It is conceded that claimant’s affidavit setting forth his notice of intention to file claim, as provided by said statute, was not filed within the 90-day applicable period provided therein. Therefore, he moves under subdivision (c) before the court seeking leave to file the affidavit within a reasonable time after the expiration of the above-mentioned applicable period. *1073 The statute is expressly clear to the effect that such application under these circumstances must be made to the court for such leave within 120 days from the beginning of the applicable period for filing the affidavit. This motion falls within the statutory provision of claimed physical incapacity on the part of the claimant, which is one of the exceptions to the 90-day rule provided for the filing of the original affidavit. Under these circumstances, the court is granted discretion to allow filing within a reasonable period “ after the expiration of the above mentioned applicable period ’ ’, which apparently is the above-designated 90-day affidavit filing period.
The court has reviewed the cases which it believes are in point or which have bearing on the situation at hand and now feels that it must follow the reasoning in Grys v. Motor Vehicle Acc. Ind. Corp. (14 A D 2d 821).
In view of the court’s decision in the latter case, it must be determined here that claimant Gerald Patrick Kenny did not submit sufficient medical proof to bring him within the 120-day exception to the statute pertaining to physical incapacity. In fact, in the light of the Orys decision, the claimant here falls far short from satisfying the physical incapacity requirements intended by the statute, particularly in the light of the cited cases set forth in the Orys decision, and as stated therein (p. 822), “ A court is without discretion to allow late filing for any reasons other than those stated in the statute.”
It must be stated also that there is serious question as to whether claimant Kenny applied for leave to file within the designated 120-day period. Only by virtue of the aid of section 25-a of the General Construction Law and section 164 of the Civil Practice Act may the claimant conceivably be in court within the 120-day period. It would seem, however, that the Orys case {supra) makes this determination unnecessary as claimant quite obviously under the Rules of the Fourth Department of this court was not incapacitated sufficiently even to allow the 120-day period exception to be invoked.
In denying the claimant’s motion for an order permitting him to file his affidavit of notice of intention to file a claim herein, the court is mindful of the fact that the claimant is a nonresident of the State of New York and the United States of America. However, the statute grants no exception to him by reason of his nonresidence and noncitizenship.
While quite unnecessary, the court feels it proper to indicate that under all the circumstances it is in sympathy with the claimant who is a victim of rigid construction of the statute as evidenced again by the Orys case. However, as stated, the *1074 statute is silent as to any exceptions in favor of nonresidents from its mandate. In rendering its decision of denial of claimant’s motion, the court adopts the reasoning of Mr. Justice Hofstadter in the Danielson case (supra) and specifically refers to the last paragraph of the opinion of that learned Justice as being particularly worthy of indorsement by this court. Motion denied.