Louis B. Heller, J.
An order is sought by this special proceeding granting the petitioner leave to file a claim against the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, under section 608 of the Insurance Law.
*347 From the facts appearing in the moving papers it is evident that petitioner is an “ insured ” under a policy of insurance issued to the owner of the vehicle which he was operating at the time of the collision with an uninsured motor vehicle. In the correspondence directed to the court by petitioner’s attorney, a copy of which was sent to respondent’s attorney, the point seems to be conceded.
The claimant appears to misconstrue the purport of section 608. That statute provides a remedy for innocent victims involved in accidents with financially irresponsible motorists. However, it benefits only “ qualified” persons. Each of the three subdivisions of section 608 ([a], [b] and [c]) begins as follows: “ Any qualified person having a cause or causes of action ”. A “ Qualified person ’ ’ is defined as “ a resident of this state, other than an insured ”. (Insurance Law, § 601, subd. b; emphasis supplied.) An “ Insured ” is “ a person defined as an insured under any policy of insurance * * # containing the provisions required by section one hundred sixty-seven” (Insurance Law, § 601, subd. i). Therefore, petitioner’s application, lacking as it does, any evidentiary facts showing him to be a qualified person, must be denied for insufficiency.
The case of Matter of Motor Vehicle Acc. Ind. Corp. (Brown) (15 A D 2d 578), cited by petitioner, does not aid his situation here. In the Brown case, the insured party was seeking redress for his injuries through arbitration proceedings rather than by an action at law under section 608. In the court’s language the claim was “ asserted under an Accident Indemnification Endorsement providing uninsured motorist coverage, such indorsement being incorporated in an automobile liability policy pursuant to section 2-a of section 167 of the Insurance Law ” (p. 578).
There are also present in the instant proceeding other impediments to a successful application for relief. It should have been brought within 120 days of the occurrence (Insurance Law, § 608). The court lacks the power, due to the failure of the statute to repose discretion in the court, to allow a late filing after the expiration of the 120-day period, in this case 145 days. (Matter of Danielson v. Motor Vehicle Acc. Ind. Corp., 22 Misc 2d 943.)
Finally, the reason proffered as an excuse for the delay, i.e., difficulties of determining the existence of insurance coverage, has been held to be insufficient as a basis for an application under section 608. (Rosante v. Copenhaver, 15 A D 2d 825.) The court there specifically held: “ The record fails to disclose that the petitioner or applicant ‘ is an infant or is mentally or *348 physically incapacitated or is deceased, and by reason of such disability or death * * * [was] prevented from filing the affidavit [as provided in the statute],’ (Insurance Law, § 608, subd. [c]).” An examination of the record on appeal in that case shows that the reasons for the delay were almost identical to those herein. What makes the holding’ in Rosante more significant are the facts underlying the Appellate Division’s decision. In affirming the Special Term’s denial of the petitioner’s application, the Appellate Division reached its conclusion on totally different grounds. It rejected the ground asserted by Special Term and upon searching the petitioner’s application found that the ground therein asserted as an excuse did not stem from any one of the three disabilities specified in the statute, i.e., infancy, death, or mental or physical incapacity.
Motion denied.