Louis B. Heller, J.
In this proceeding captioned 1‘ Application * * # for Leave to file a claim against the motor vehicle accident indemnification corp.,” hereinafter referred to as MVAIC, an order is being sought directing the respondent “ to accept the filing of Notice of Claim on behalf of ” applicant.
The applicant, while operating his wife’s insured automobile, was injured on July 29, 1960 in an accident involving an uninsured vehicle. Following notification to MVAIC by letter dated June 8,1961, the injured party filed a more formal claim on or about June 27, 1961 on forms furnished him by MVAIC. The claim was rejected by MVAIC on August 27,1961 for failure to comply 1 ‘ with the provisions applicable to timely notice. ’ ’ Claimant had experienced serious difficulties in endeavoring to ascertain whether the offending vehicle had insurance coverage.
It is the court’s conclusion, as will hereinafter be substantiated, that it lacks the authority or the power in the exercise of discretion to make such an order.
The dispute between the parties obviously pertains to the timeliness of the filing of the notice of claim. However, that issue is not now properly before the court for disposition. ■
The applicant has clearly misconstrued his rights and his remedy. It is plainly evident that this application is being made pursuant to section 608 of the Insurance Law. That section provides for the filing of an affidavit “as a condition precedent to the right thereafter to apply for payment from the corporation ”, *227 The same section also makes provision for late filing of the described affidavit on application to the court under specified restricted conditions. Though claimant insists that this application is not being made under section 608, he does not set forth any other pertinent authority for the relief. The court does not find any other authority elsewhere in the statute. (Motor Vehicle Accident Indemnification Law [Insurance Law, art. 17-A], § 600 et seq.)
Section 608 regulates the procedure for the filing of a claim by a “ qualified person ” only, one who is not an “ insured ” person (see definitions in Insurance Law, § 601, subds. [b], [i]). Claimant is admittedly an insured person and as such derives his protection against an uninsured driver under the policy of insurance covering the vehicle he was operating at the time of the accident. That policy contains a New York Automobile Accident Indemnification Endorsement which provides “uninsured motorist coverage, such indorsement being incorporated * * * pursuant to subdivision 2-a of section 167 of the Insurrance Law”. (Matter of Motor Vehicle Acc. Ind. Corp. [Brown], 15 A D 2d 578.) However, under Condition 6 of that indorsement (copy attached to answering affidavit) the insured’s right to enforce indemnification is limited to the procedure therein set forth, to wit, by arbitration.
The court is aware of the possibility that it may ultimately be called upon during the arbitration proceeding to determine the issue of timeliness of notice. (See Matter of Motor Vehicle Acc. Ind. Gorp. [Brown], supra.) But the court is without authority to make a determination in a matter affecting an arbitration proceeding which is not presently in existence. Claimant is first obliged to pursue his remedy in arbitration as provided in Condition 6 of the contract. (See, also, Civ. Prac. Act, art. 84, § 1458 in particular.)
This court makes the following further observation pertaining to this application. Had it been shown that claimant was a “ qualified person,” this application could not have been granted in any event. Under the statute (Insurance Law, § 608) this court is without power to permit a late filing after 120 days from the date of accident. (Matter of Danielson v. Motor Vehicle Acc. Ind. Corp., 22 Misc 2d 943.) Also, difficulties in determining the existence of insurance coverage on the vehicle involved is not a valid excuse for a delay in making the application after the expiration of the 90-day statutory time limitation. (Rosante v. Copenhaver, 15 A D 2d 825.) The court does not have the power to exercise discretion, in considering the application of a late filing, where the reasons submitted as an excuse *228 for the delay are “other than those stated in the statute.” (Grys v. Motor Vehicle Acc. Ind. Corp., 14 A D 2d 821, 822.) Motion denied, without prejudice to claimant’s rights in pursuing his remedy in arbitration, if so advised.