Louis B. Heller, J.
Plaintiff, in a pending negligence action brought against two individuals, the owners and operators of two motor vehicles, moves to compel the Motor Vehicle Accident Indemnification Corporation, hereinafter referred'to as MVAIC, to appear in this action and defend on behalf of the defendant Knight, whose vehicle was uninsured. Plaintiff also seeks a declaration, on this motion, that the notice of claim served on MVAIC on March 7,1961 was timely.
Plaintiff was injured on September 25,1960 while a passenger in the automobile of the codefendant Edwards. The Edwards’ vehicle, which was allegedly insured, became involved in a collision with the uninsured Knight automobile. Defendant Knight was served with a summons in this action on November 12, 1960 but has failed to appear herein. A notice of claim was mailed to MVAIC on March 7,1961.
Plaintiff asserts in her notice of motion that the instant relief is being sought pursuant to subdivision 2-a of section 167 of the Insurance Law. However, plaintiff makes no attempt to substantiate the ground asserted for this application. The moving affidavit does not attempt to explain it. The affidavit has concerned itself solely with the question of what constitutes notice “ as soon as practicable ”. The court has examined, as will hereinafter be demonstrated, the cited statute, but finds nothing therein which would support the plaintiff’s position in the making of the motion or which would warrant the court in granting the relief.
Plaintiff concedes that she is an insured person under the policy indorsement, and not a “qualified” person entitled to make a claim under section 608 of the Insurance Law. She admits that she is required, as a condition precedent under the policy terms, to file a notice of claim within 90 days or as soon thereafter as practicable. An examination of subdivision 2-a of section 167 of the Insurance Law discloses that it contains no language regarding any duty having been placed upon MVAIC *299 to appear and defend an action brought against an uninsured. Nor does it contain any provision concerning the giving of notice. It does make mandatory the inclusion, in every automobile liability insurance policy, of a provision requiring MYAIC to pay to an insured person such sum, within defined limits, as that person “ shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle ”. By the same statute the said agreement to pay is made 1 ‘ subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Indemnification Corporation and approved by the superintendent ” of insurance. The agreement to pay pursuant to said statute is embodied in the indorsement attached to all New York automobile liability insurance policies. The indorsement plainly states that an insured claimant is restricted to a single remedy, in the event MYAIC and the insured cannot agree upon a settlement, Le., the making of a demand upon MYAIC to arbitrate the claim and the settlement of the claim by arbitration.
While the indorsement “ affords protection to the insured against damages caused by uninsured motorists ” it does not grant the insured the right to bring an action against MYAIC. (Matwijko v. Zoladz Lbr., 16 A D 2d 1024.) Since the plaintiff is not here pursuing her rights in accordance with the provisions of the indorsement, her application for a determination of the question of timely notice is not properly before the court and is, therefore, not reached for disposition. (See Matter of Sinclair v. Motor Vehicle Acc. Ind. Corp., 33 Misc 2d 226.)
Before concluding, the court notes that all the cases cited by the plaintiff in support of her claim of timeliness involved arbitration proceedings, and not actions. Motion denied.