Joseph A. Suozzi, J.
This is an application for an order granting the petitioners permission to bring an action against *970 the Motor Vehicle Accident Indemnification Corporation [MVAIC] pursuant to section 6T8 of the Insurance Law. The relief sought can only be granted if the applicant is a “ qualified ” as distinguished from an “ insured ” person within the purview of article 17-A of the Insurance Law.
On September 4, 1962, the infant petitioner was riding his bicycle along Hempstead Turnpike in West Hempstead when the occupant of a parked car suddenly opened the ear door, striking the infant who was thrown to the pavement and thereby injured. The identity of the occupant and/or owner of the parked car has never been determined, and there is no doubt that the infant was injured as the result of a “ hit and run ” accident. At the time of the occurrence, the parents of the infant owned an automobile which was covered by an automobile liability insurance policy issued by the Public Service Mutual Insurance Company. The question here is whether the infant is an “ insured ” under that policy.
Section 601 of the Insurance Law provides in part that a “ ‘ Qualified person ’ means (1) a resident of this state, other than an insured ”. The same section states that an “ 1 Insured ’ means a person defined as an insured under any policy of insurance issued by any member in connection with motor vehicles containing the provisions required by section one hundred sixty-seven ”.
By force of the provisions of subdivision 2 of this latter section 167, all automobile liability policies issued in this State are deemed to have incorporated therein the so-called uninsured motorist endorsement which states ns follows: ‘ ‘ The unqualified word ‘ insured ’ means (1) the named insured and, while residents of the same household, his wife and the relatives of either. ”
Under the last-quoted definition, it is clear that the infant petitioner constitutes an insured person under his parents’ policy even though that automobile was not involved in the accident (Matwijco v. Zoladz Lbr., 16 A D 2d 1024; Matter of Balletti v. Motor Vehicle Acc. Ind. Corp., 16 A D 2d 814; Matter of Zuckerman v. Motor Vehicle Acc. Ind. Corp,., 13 A D 2d 574). By the terms of the insurance -contract from which the infant petitioner derives his rights, any dispute with reference to his injuries must be settled by arbitration. Section 618 of the Insurance Law authorizes the bringing of an action by a “ qualified person ” and not an insured. The application must therefore be denied. The circumstance that the petitioner is an infant, and cannot be compelled to arbitrate his claim (Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264, affd. 8 N Y 2d 756) *971 does not bestow on him rights which the statute specifically withholds from persons making claims against the MVAIC. The right of action against the latter corporation is purely statutory and not contractual.