Daniel G. Albert, J.
This is an application for an order directing the Motor Vehicle Accident Indemnification Corporation [MVAIC] to accept a late notice of intention to make a claim on behalf of the infant and adult petitioners, who sustained injury on August 18, 1962 while passengers in one of two vehicles involved in a collision. The papers disclose that the automobile in which the petitioners were riding is covered by a policy of liability insurance, but investigation revealed the other car was uninsured.
The provisions of section 608 of the Insurance Law dealing with the manner and time of filing a notice of intention to make claim against the MVAIC refer exclusively to “ qualified ” persons (Matter of Sinclair v. Motor Vehicle Acc. Ind. Corp., 33 Misc 2d 226; Matter of Culver v. Motor Vehicle Acc. Ind. Corp., 33 Misc 2d 346). Since the petitioners were passengers in a vehicle covered by a policy of liability insurance, they are “insured” persons under that policy and derive their rights from the insurance contract rather than under the provisions of *241 article 17-A of the Insurance Law (Matter of Balletti v. Motor Vehicle Acc. Ind. Corp., 16 A D 2d 814; Matwijko v. Zoladz Lbr., 16 A D 2d 1024). An insured person must pursue his rights in arbitration except that questions arising with respect to his compliance with conditions precedent, such as the filing of timely notice of claim, present questions for the court rather than the arbitrators (Matter of Rosenbaum [Amer. Sur. Co.], 11 N Y 2d 310; Matter of Motor Vehicle Acc. Ind. Corp. [Brown], 15 A D 2d 578).
The petitioners here have not commenced any arbitration proceeding, and the court is without jurisdiction to entertain this application. The petition is accordingly denied without prejudice to the pursuit of the infant’s and adult petitioner’s rights in arbitration collateral to which a court determination of the issue of whether timely notice of claim was given may be procured (Matter of Motor Vehicle Acc. Ind. Corp. [Brown], supra; Matter of Sinclair v. Motor Vehicle Acc. Ind. Corp., supra).
The observation may be made that one of the petitioners in this proceeding' is an infant, and that the latter ordinarily cannot be compelled to arbitrate his claim arising under the insurance contract from which his rights are derived (Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264, affd. 8 N Y 2d 756). The right to sue the MVAIC, however, is purely statutory, and the provisions of the statute do not confer upon infants any rights which are specifically withheld from other claimants (cf. Matter of Graber v. Motor Vehicle Acc. Ind. Corp., 38 Misc 2d 969).