Daniel J. Connolly, J.
Petitioners apply for leave to file a late notice of claim against Motor Vehicle Accident Indemnifica *945 tion Corporation pursuant to subdivision (c) of section 608 of the Insurance Law.
On August 18, 1962 the infant petitioner was injured when he was struck by an automobile owned by Joseph Harrell. The owner of the offending vehicle informed the petitioners and their attorney that he was insured under a policy issued by Hardware Mutual Insurance Company.
An action against the owner was commenced in behalf of petitioners on September 27, 1962. Although it appears that the summons was turned over to Hardware Mutual Insurance Company by the defendant in the action, no one appeared or answered in his behalf. After many contacts with the defendant and with the insurance company, petitioners’ attorney was finally informed on January 18, 1963 that the defendant’s insurance policy had been cancelled on April 18, 1962 and that he had no insurance in force at the time of the accident.
On the day petitioners’ attorney received this information he forwarded a notice of claim in their behalf to the Motor Vehicle Accident Indemnification Corporation. No action was taken by respondent on this claim until May 29,1963, when petitioners’ attorney was informed that the notice of claim was rejected on the ground that it was not timely served.
The only possible basis for petitioners’ present application is subdivision (a) of section 608 of the Insurance Law, which provides for notices of claim in cases where the offending vehicle is not insured. The notice must be served within 90 days after the accident. Subdivision (c) of section 608 of the same law applies only to cases of disclaimer and denial of coverage and has no application to cases of uninsured automobiles. (Matter of Arculin v. MVAIC, 232 N. Y. S. 2d 615.)
The law also provides that the court may in certain cases of disability grant leave to file a late notice, provided the application to the court is made within 120 days after the accident. The instant application was made more than 10 months after the accident.
Unfortunately, sympathetic consideration by the court notwithstanding, the statute reposes no discretion in the court to grant the petitioners the relief requested. (Matter of Glaudel v. MVAIC, 17 A D 2d 828.) The reason proffered as an excuse for the delay, i.e., difficulty in determining the existence or nonexistence of insurance has been held insufficient as a basis for relief from the provisions of law under these circumstances. (Rosante v. Copenhaver, 15 A D 2d 825.) Accordingly the motion is denied.