William Gr. Eastoe, J.
This is a motion by Arthur D. Erway and Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) to stay the arbitration of the above-entitled matters on the ground that Arthur D. Erway is an infant without having secured permission to submit the controversies to arbitration pursuant to the requirement of section 1209 of the Civil Practice Law and Buies (formerly Civ. Prae. Act, § 1448) and on the further ground that the claimants by instituting actions at common law in the Supreme Court have waived any right to arbitration.
The three infant claimants were injured in an automobile accident which occurred on November 5, 1960 in which an automobile operated by the infant Arthur D. Erway and owned by his father, Donald J. Erway, was involved. The parents of the three claimants were insured by automobile liability policies to which were attached the New York uninsured motorist indorsement so that all three claimants were “ insured ” persons within the meaning of the endorsement which in part provides as follows:
“ 6. akbitkatiok. If any person making claim hereunder and mvaic do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and mvaic do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and mvaic each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.”
The infant’s father, Donald J. Erway, who was the absentee owner, claims that the automobile was taken by the infant *577 without the father’s knowledge or permission, in view of which the father’s insurance company has disclaimed any liability. Although being aware of this situation, all three claimants through their guardians ad litem, commenced legal actions in Monroe County Supreme Court against Donald J. Erway and Arthur D. Erway as defendants. All served complaints on or prior to March 15, 1961. The defendant father and owner filed an answer through his insurance company’s attorneys, and the defendant Arthur D. Erway, the infant, filed an answer through attorneys Traynor & Skehan appearing for MVAIC since the infant had no liability insurance policy of his own. Thereafter, examinations before trial were held and bills of particular filed by the plaintiffs. Notes of issue were filed and all actions noticed for trial for the terms of Monroe County Supreme Court commencing November 6,1961 and March 5,1962.
On or before March 13,1963, before any of the cases had been reached for trial and without discontinuing the same, the infant claimants filed demands with the MVAIC and the American Arbitration Association that their claims against the infant Arthur D. Erway be determined by arbitration. These demands were made pursuant to orders of the court obtained in accordance with the provisions of section 1448 of the Civil Practice Act expressly authorizing and empowering the infant claimants to submit their claims to arbitration. The part of section 1448 of the Civil Practice Act which was applicable, read as follows:
‘ ‘ A controversy cannot be arbitrated, either as prescribed in this article or otherwise, in either of the following cases:
“ 1. Where one of the parties to the controversy is an infant, or a person incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness unless the appropriate court having jurisdiction approve a petition for permission to submit such controversy to arbitration made by the general guardian or guardian ad litem of the infant or by the committee of the incompetent.”
Effective as of September 1, 1963, this part of section 1448 of the Civil Practice Act was supplanted and slightly changed by section 1209 of the Civil Practice Law and Rules which is entitled and reads as follows: “ § 1209. Arbitration of controversy involving infant or judicially declared incompetent. A controversy involving an infant or person judicially declared to be incompetent shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant or incompetent.” In this connection section 10003 of the Civil Practice Law and Rules is entitled and reads as follows: “§ 10003. Pending and subsequent proceedings. This *578 act shall apply to all actions hereafter commenced. This act shall also apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.” Thereafter, on March 25, 1963, an answer was interposed to these demands by J. Frank Traynor, as attorney for MVAIC, denying the claimants’ allegations of liability and damage. The record contains nothing, however, as to what transpired between the time of Mr. Traynor’s answer and the making of this motion for a stay.
At the outset the claimants ’ procedure toward arbitration must be halted because they have waived their right to arbitrate by commencing a plenary action after having knowledge of their right to arbitration. This was aptly stated by the Appellate Division, Fourth Department, in Matter of United Paper Mach. Corp. (Di Carlo) (19 A D 2d 143, 145 [1963]): “ Certainly it would be reasonable and prudent to choose but one method of determining this controversy. To permit the dual processes now pending to continue side by side might well result in two contrary determinations. The possibility of such an incongruous result should be avoided. The present dilemma is of the plaintiff’s making for it is the aggressive party in both procedures. It is quite understandable that the appellant does not want to be whipsawed between arbitration and action. He has properly sought a solution, under the facts here presented, by asking that the arbitration proceedings be vacated. Respondent, on the other hand, urges that he has a right to ride both horses and Special Term has agreed with it. This we cannot permit. A choice must be made and, in our view, it was made by the respondent when it instituted its plenary suit. By this act it waived and abandoned its right to arbitration and it must lie in the bed it made.” (See, also, Matter of Travelers Ind. Co. [Sherwood], 13 A D 2d 507 [1961]; Matter of Zimmerman v. Cohen, 236 N. Y. 15 [1923]; McCarthy v. MVAIC, 16 A D 2d 35 [1962].) Upon this ground alone the motion would have to be granted.
Moreover, under section 1209 of the Civil Practice Law and Rules (formerly Civ. Prac. Act, § 1448) the infant defendant cannot be compelled to arbitrate unless he applies and obtains a court order pursuant to his application, or of some representative. There are several cases holding that infant claimants (or plaintiffs) cannot be compelled to do this. (Benfante v. Com *579 mercial Ins. Co. of Newark, 5 Misc 2d 772 [1957]; Kessler v. Cosmopolitan Mut. Ins. Co., 33 Misc 2d 824 [1961]; Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264, affd. 8 N Y 2d 756 [I960].)
There remains the question of whether the reasoning of these decisions would apply equally to a case wherein the infant is either a defendant, the person charged with negligence, or otherwise involved in the controversy. The court has found no decision dealing precisely with this factual situation. However, in the ease of Chernick v. Hartford Acc. & Ind. Co. (supra) where the infant was a plaintiff, the Appellate Division certified the following question to the Court of Appeals: “Is the exclusory language of the Civil Practice Act section 1448 with reference to an infant applicable to the arbitration provision of the uninsured automobile coverage endorsement? ’ ’. The answer was in the affirmative.
There is no logical reason to suppose that this holding would not be the same in the case of an infant defendant as in the case of an infant plaintiff. The reading of section 1209 of the Civil Practice Law and Buies is clear. It even contains some change from the wording of the old section 1448 of the Civil Practice Act in that instead of using the words “ [W]here one of the parties to the controversy is an infant ’ ’ it changes and uses the words ‘ ‘ controversy involving an infant ’ ’. This seems to dispel and refute the argument of claimants’ attorneys that section 1209 of the Civil Practice Law and Rules does not apply because the infant Arthur D. Erway is not technically a party in the subsequent proceeding for arbitration commenced by the claimants.
Furthermore, in vainly searching for a decision with this factual basis the court has taken note that more or less standardized forms for the application of an infant defendant pursuant to these statutes are included as follows: Under the Civil Practice Act, Bender’s Forms (vol. 5A, p. 944, Form No. 6197) and in Carmody-Wait, New York Practice (vol. 21, ch. 141, § 18, p. 402). Similar forms are also carried in Bender’s Forms relating to the Civil Practice Law and Rules (vol. 2, p. 12-119, Form 1209:1) and in the new Standard Civil Practice Service published by the Lawyers Co-operative Publishing Company and Baker, Voorhis & Co., Inc. (vol. 3, p. 84, Forms Nos. 3:40 and 3:41). Hence, it is the holding of this court that unless and until the infant, Arthur D. Erway, who is a defendant in the legal action still pending in this court, or someone on his behalf, seeks to be appointed his guardian ad litem and apply to the court for permission to arbitrate the controversy involving *580 this infant, there can be no arbitration, and this motion for a stay thereof must be granted. The court has no power to direct the said infant, Arthur D. Erway, to do this but may only permit him to do so upon proper application. No such order of permission has been obtained.
The motion to stay the arbitration proceeding is granted with leave for Arthur D. Erway, if so advised, to make application for arbitration.