Mario Pittoni, J.
The petitioner requests permission to begin an action against the Motor Vehicle Accident Indemnification Corporation.
On November 11, 1962 the petitioner allegedly sustained personal injury when a parked automobile in which she was seated was struck by another vehicle which she later discovered was not covered by a liability insurance policy. A notice of claim thereafter filed with the respondent corporation on April 24, 1963 was rejected because it was not timely served. The claim *974 filed by the petitioner indicates that the automobile in which she was a passenger was insured with the Empire Mutual Insurance Company.
Section 618 of the Insurance Law authorizes the bringing of an action against the respondent corporation by a “ qualified ” as distinguished from an “ insured ” person. Section 601 of the same law provides in part that a qualified person means one other than an insured, and the latter is stated to encompass any person who is defined as an insured under any automobile liability policy issued in this State. The uninsured motorist endorsement which is deemed by statute (Insurance Law, § 167, subd. 2-a) to be incorporated in all automobile policies issued in New York State includes as a named insured: “ Any other person while occupying an insured automobile.” The petitioner is therefore an insured under the policy covering the car in which she was a passenger. Her rights against the respondent are derived from that insurance contract rather than from article 17-A of the Insurance Law, and she may not sue the respondent (Matwijko v. Zoladz Lbr., 16 A D 2d 1024; Matter of Balletti v. MVAIC, 16 A D 2d 814). Under the terms of the insurance contract governing petitioner’s rights, she is limited to arbitration of any claim made against respondent for personal injury (Matter of Rosenbaum [Amer. Sur. Co. of N. Y.], 11 N Y 2d 310; Matter of MVAIC [Brown], 15 A D 2d 578).
Since the petitioner has not commenced any proceeding to compel arbitration of her claim, this court is without jurisdiction to determine the issue raised with respect to the timeliness of the filing of the notice of claim. The application is accordingly denied, but without prejudice to the institution of a proceeding to compel arbitration.