Mabio Pittoni, J.
This is an application for an order granting the petitioner leave to bring an action against the Motor Vehicle Accident Indemnification Corporation. The facts giving rise to this proceeding are exactly the same as those recited in a companion proceeding decided herewith (see Matter of Marbly v. MVAIC, 40 Misc 2d 973). The only additional question presented here is whether the result should be different because the petitioner is an infant.
In Chernick v. Hartford Acc. & Ind. Co. (8 A D 2d 264, affd. 8 N Y 2d 756) the provision of an insurance contract requiring arbitration of claims made against uninsured motorists was held to be unenforcible against an infant since he could not be compelled to arbitrate under section 1448 of the Civil Practice Act (CPLB, § 1209). The ChernicJc case was decided before the enactment of article 17-A of the Insurance Law, and the question of the right to sue the MVAIC did not arise therein. The respondent corporation is a creature of statute, and the right to sue it is purely statutory (Insurance Law, art. 17-A). Where the right to maintain an action against the MVAIC is specifically withheld, the prohibition is equally applicable to infants, as the statute makes no exception for their benefit. The refusal to confer upon infants the right to sue the MVAIC accords with the purpose of the statute, which is to restrict the situations in which an action may be brought (Insurance Law, § 618). The rights of infants are not thereby abridged since there is no prohibition against arbitration of their claims upon obtaining leave of court (CPLB, § 1209). The application is denied. (Matter of Zweibel v. MVAIC, 39 Misc 2d 240; Matter of Graber v. MVAIC, 38 Misc 2d 969). This determination, however, is without prejudice to petitioner’s commencement, upon leave of court, of a proceeding to compel arbitration (see Matter of Marbly v. MVAIC, 40 Misc 2d 973, supra).