In the Matter of Carrie D. Sellars, Respondent, v. Motor Vehicle Accident Indemnification Corporation, Appellant.

First Department, February 20, 1964.

*Benjamin Adler* of counsel (*Sidney S. Loberfeld,* attorney), for respondent.

*James F. Carroll* for appellant.

VALENTE, J. This is an appeal from an order of Special Term granting a motion to compel the Motor Vehicle Accident Indemnification Corporation (MVAIC) to accept the filing of an affidavit of notice of intention to make a claim pursuant to section 608 of the Insurance Law. Presented is the threshhold question of construction of the provisions of section 608 limiting the time within which to file such an affidavit in a case involving an action for wrongful death.

On July 5, 1962, Esther Stukes was killed in an automobile accident in Nassau County, while she was a passenger in a motor vehicle owned and operated by one Earl Vernon Raye. It is averred that the vehicle unaccountably left the road, mounted the center divider of the Southern State Parkway upon which it was traveling, and collided with a tree.

In view of the conclusion reached herein, we need not consider the frustrating difficulties encountered by petitioner-respondent's attorney in his diligent efforts to ascertain the facts as to the identity of the owner of the vehicle and the insurance status. However, on December 19, 1962, petitioner-respondent, the mother of the decedent, was appointed guardian of the two minor children of decedent by the courts of North Carolina. On March 5, 1963, petitioner-respondent, as such guardian, filed with MVAIC an affidavit of notice of intention to make a claim based upon the fact, learned on February 16, 1963, that the policy of insurance on the automobile, in which decedent was a passenger, had been cancelled on June 22, 1962, about 13 days before the accident. MVAIC rejected the affidavit on the ground that

352

it was not timely, and after reconsideration adhered to its decision to reject the notice as untimely. Petitioner then moved, by notice of motion, dated July 11, 1963, for an order requiring MVAIC to accept and file the affidavit of notice of claim. Special Term ordered MVAIC to accept the affidavit. For the reasons hereinafter indicated, we are obliged to reverse that order.

We are dealing here with the rights of a " qualified person ", as defined in section 601 of the Insurance Law, who was involved in an accident with a known vehicle which was uninsured. Section 608 of the Insurance Law makes provision for the procedural steps to be followed by a " qualified person " who seeks the protection afforded by article 17-A of the Insurance Law where motor vehicle accidents are caused by financially irresponsible persons. Section 608 provides for three types of situations in which affidavits of notice of claim are to be filed by " qualified " persons: (a) where the identity of the person against whom suit is to be brought is known but there is no insurance; (b) the " hit-and-run " cases; and (c) where the insurer of the person or persons liable for the loss has disclaimed liability or denied coverage because of some act or omission of the person or persons liable.

Our concern here is with the first of the categories. This is neither a " hit-and-run " case under subdivision (b) of section 608, nor a case of disclaimer under subdivision (c), since the policy of insurance had been cancelled 13 days before the accident. (See *Matter of Kearns* v. *MVAIC,* 39 Misc 2d 944, 945.)

Subdivision (a) of section 608 provides that any qualified person having a cause of action because of death or bodily injury, arising out of a motor vehicle accident occurring within the State, must file with MVAIC " within ninety days of the accrual of such cause or causes of action "—as a condition precedent to the right thereafter to apply for payment from MVAIC—an affidavit giving certain details and stating that a cause of action lies against the owner or operator of a designated uninsured motor vehicle and that a claim will be made thereon for such damages.

It is also provided in section 608 that where infancy, mental or physical incapacity or death prevents the filing of the affidavit provided for in paragraph (a) " within the applicable period specified therein," MVAIC may accept an affidavit after the applicable period or a court of competent jurisdiction, in its discretion, may grant leave to file the affidavit within a reasonable time after the expiration of the applicable periods upon an explanation of the cause for delay. However, section 608, at

all times involved in the instant cause, provided that an application to the court for such leave must be made within 120 days from the beginning of the applicable period for filing the affidavit. By chapter 943 of the Laws of 1963 (eff. Sept. 1, 1963) the time to apply for leave to the court was made one year instead of 120 days.

In arriving at a proper construction of section 608, it is well to note that the language of that section bears a striking similarity to that used in subdivision 5 of section 50-e of the General Municipal Law dealing with the filing of notices of claim in tort actions against municipalities. (See *Grys* v. *MVAIC*, 14 A D 2d 821; *Lavin* v. *MVAIC*, 23 Misc 2d 126; *Matter of Danielson* v. *MVAIC*, 22 Misc 2d 943.) In using almost identical language with section 50-e of the General Municipal Law, it must be presumed that, in fixing the time for filing an affidavit in subdivision (a) of section 608 of the Insurance Law as "ninety days of the accrual of such cause or causes of action", the Legislature was aware of the construction placed upon section 50-e where the claim was for wrongful death. (See *Buduson* v. *Curtis*, 285 App. Div. 517, 519, affd. 309 N. Y. 879.)

It had been consistently held by the courts, in interpreting section 50-e and its predecessors, that a cause of action for wrongful death accrued upon the appointment of an executor or administrator and that the time for serving or filing any notice of claim began to run from the date of the appointment of the representative. (*Buduson* v. *Curtis, supra*; *Joseph* v. *McVeigh*, 285 App. Div. 386, 391; *Boffe* v. *Consolidated Tel. & Elec. Subway Co.*, 171 App. Div. 392, affd. 226 N. Y. 654; *Conway* v. *City of New York*, 148 App. Div. 915, affd. 208 N. Y. 567; *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Barnes* v. *City of Brooklyn*, 22 App. Div. 520; see, also, *Mulligan* v. *City of New York*, 273 App. Div. 152; *Matter of Mulligan* v. *County of Westchester*, 272 App. Div. 927.)

In the light of the decisions under section 50-e of the General Municipal Law, we construe subdivision (a) of section 608 of the Insurance Law to permit timely filing of an affidavit of notice of claim in a death action within 90 days of the appointment of an administrator or executor. No administrator has been appointed in the instant case. Hence, the time to file the affidavit has not yet begun to run. The time, however, cannot be prolonged indefinitely since an action for wrongful death must be commenced within two years after decedent's death (Decedent Estate Law, § 130; *Norrington* v. *Fishangri-La, Inc.*, 1 A D 2d 679) and not from the date of the appointment of a legal representative (*Stutz* v. *Guardian Cab Corp.*, 273 App. Div. 4;

*Jones* v. *416 Pleasant Ave. Holding Corp.*, 276 App. Div. 842, affd. 304 N. Y. 893).

Section 130 of the Decedent Estate Law provides for the bringing of a wrongful death action by the executor or administrator of the decedent. Hence, only the executor or administrator may bring such an action. (*Rice* v. *Postal Telegraph-Cable Co.*, 174 App. Div. 39, 40, affd. 219 N. Y. 629; *Sutherland* v. *State of New York*, 189 Misc. 953, 969.)

Section 608 of the Insurance Law gives a court power to grant leave to a qualified person to file an affidavit of notice of claim within a reasonable time after the expiration of the applicable periods. As indicated above, only an administrator or executor has the right to bring a wrongful death action and the applicable periods of time under section 608 begin to run only after the appointment of such legal representative. It follows that an application to a court for leave to file a late affidavit can be made only by a person who was required to file such an affidavit under section 608. Petitioner was neither an executor nor administrator, and hence had no standing to apply for judicial relief under section 608. It was therefore error for Special Term to grant the motion to compel MVAIC to accept the filing of petitioner's affidavit of notice of intention to make a claim.

However, in deciding that petitioner-respondent was not entitled to the relief sought, it is unnecessary to, and we do not, pass on the efficacy of the giving of the notice by petitioner to MVAIC for any other purpose. It should be noted that in *Winbush* v. *City of Mount Vernon* (306 N. Y. 327, 334) the court said: "While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor." It was held in *Winbush* that an administrator, thereafter appointed, may adopt a notice, theretofore filed by a next of kin, as his own by amendment to substitute the administrator's name.

The order should therefore be reversed, on the law, and the motion denied, without costs, but without prejudice to the filing of a timely affidavit by an administrator after appointment.

BREITEL, J. P., RABIN, MCNALLY and EAGER, JJ., concur.

Order, entered on September 4, 1963, unanimously reversed, on the law, without costs, and the motion denied, but without prejudice to the filing of a timely affidavit by an administrator after appointment.