Jack Stanislaw, J.
The Motor Vehicle Accident Indemnification Corporation (MVAIC) moves to dismiss so much of the amended complaint as includes the MVAIC as a party defendant. Although the plaintiff is an infant the MVAIC insists that he is nevertheless relegated by article 17-A of the Insurance Law to an arbitration proceeding. It is the infant’s contention that as an infant he cannot be compelled to submit to arbitration and, in fact, may elect to arbitrate or to sue in a common-law action.
*380 The infant’s status is that of an “ insured ” person (Insurance Law, § 601, subd. i). Since section 1209 of the CPLR requires a court order to submit an infant’s claim to arbitration (as did its predecessor section in the Civil Practice Act) it would appear that the holding in Chernick v. Hartford Acc. Ind. Co. (8 A D 2d 264, affd. 8 N Y 2d 756) still prevails. That is, an infant may not be bound by arbitration provisions contained in the standard “uninsured automobile” endorsement of an automobile liability policy. (See, also, Matter of Scheck [MVAIG], 40 Misc 2d 575.)
Another line of cases has held that the statutory right to sue the MVAIC (Insurance Law, art. 17-A) limits the status of all prospective litigants, including infants (Matter of Graber [MVAIC], 38 Misc 2d 969; Matter of Zweibel [MVAIG], 39 Misc 2d 240; Matter of Johnson [MVAIG], 40 Misc 2d 974). In other words, CPLR 1209 establishes the method by which an infant shall get to arbitration (through court order), and does not indicate an obstacle to such procedure as was discussed in the Chernick case (supra). This latter approach reflects the different status of infants vis-a-vis the MVAIC in particular.
On the one hand, it is argued that an infant need not go to arbitration because he cannot be compelled to first obtain court approval for it, and on the other it is said he might have to simply because he is able to do so. We do not believe, however, that the applicability and nature of arbitration procedures to infants is completely dispositive of the issue here in any event. It seems more likely that an “ insured ” infant, as opposed to one a “ qualified person ”, has no real election of procedures at all. Both section 608 and section 618 of the Insurance Law refer to the protection of, and proceedings against the MVAIC by, “qualified person” only. If, as seems to be the case, no “ insured ” is authorized to bring an action against the MVAIC (Matter of Balletti [MVAIC], 16 A D 2d 814; Matter of Zuckerman [MVAIC], 13 A D 2d 574; Matter of Stern [MVAIC], 17 A D 2d 919) then it matters little that the “ insured ” here is an infant. And infancy does not, of course, alter the plaintiff’s ‘ ‘ insured ’ ’ status as defined by the relevant sections of the Insurance Law. That plaintiff is an “ insured ’ ’ effectively limits him so far as his inability to proceed at law without regard to infancy. As an insured he may only arbitrate.
Defendant’s motion is granted, with leave to plaintiff to proceed at arbitration as set forth in the applicable statutes.