Daniel E. Macken, J.
Claimant, an “insured” person as defined in article 17-A of the Insurance Law, operated an automobile which was in collision with a truck. It is conceded that she thereby sustained bodily injury. At the .scene the operator of the truck came to the claimant’s car and furnished her with what purported to be his name and address, the license number of the truck, and the name of his insurance company. The address given by the operator was entirely fictitious and the owner of the vehicle bearing the license number furnished to claimant denies that his vehicle was involved in the collision. Claimant is unable to identify the truck and the operator has not been found,
*1065 MVAIC makes no contention that either the owner or operator has been or can now be identified and without exception I charged the jury that neither had been identified at the time of the trial. It is apparent that the claimant has been the victim of a deliberate ruse.
MVAIC’s resistance to arbitration is based on a contention that claimant failed to make all reasonable efforts to ascertain the identity of the owner and operator of the truck and particularly that at the scene of the accident she failed to require the operator to display his operator’s license or certificate of registration of the vehicle, failed to personally examine the license plate, and failed to call the police to the scene. It takes the position that although by its terms section 618 of the Insurance Law applies only to “ qualified ” persons, the requirement of paragraph (5) of subdivision (a) of the section that all reasonable efforts be made to ascertain the identity should be equally applicable to “ insured ” persons. The policy indorsement upon which this claim is based contains no such provision. Claimant’s contention is stated in the following paragraphs of her memorandum:
“ The language of the Endorsement * * provided (1) there cannot be ascertained the identity of either the operator or the owner of such hit and run automobile ’ should be construed by the Court as meaning that, provided at the time of the plenary hearing, the identity of the operator or the owner of such vehicle has not been ascertained, despite efforts to do so.
“ Absent a finding that the operator or owner has been ascertained, the provision relating to ‘ hit and run ’ automobiles should be deemed to become operative as a matter of law and without imposing the burden of exerting a reasonable effort to identify the true operator or owner upon the claimant.”
I am unable to agree with this contention of claimant. The words “ cannot be ascertained ” are not synonymous with “ have not been ascertained ”. ‘ ‘ Cannot be ascertained ” means incapable of being ascertained. To establish that the identity cannot be ascertained, it must appear that some effort was made to ascertain the identity. The effort need not be extreme or extraordinary but must be reasonable.
G-auged by that standard, however, I have concluded that the claimant has established as a matter of law that the identity of neither the owner nor- operator can be ascertained as required by the indorsement. The claimant was not reasonably required to anticipate that she was being deliberately victimized and I do not believe in the circumstances here presented a trier of the *1066 facts enlightened by hindsight should be permitted to second guess the reasonableness of the investigatory procedures undertaken by the claimant at the scene of the accident.
The verdict of the jury is set aside and the motion to stay arbitration is denied.