Charles J. Gaughan, J.
This is an application by respondent pursuant to CPLR 7503 (subd. [c]) for an order permanently staying arbitration of the claim herein on the grounds:
1. That the protection afforded by article 17-A of the Insurance Law does not extend MVAIC coverage to the accident in question;
2. that the accident did not involve a hit-and-run or unidentified motor vehicle;
3. that claimant has failed to exercise reasonable efforts or diligently pursue her remedies against the parties involved;
4. that the accident was never properly reported to the police within 24 hours; and
5. that claimant has otherwise failed to demonstrate a lack of insurance coverage.
The application is made upon affidavits and documents submitted by respondent. Claimant has submitted opposing affidavits. Neither side has requested a hearing to resolve any of the germane factual issues. The same will, therefore, be determined from the papers before the court.
On Sunday, January 30, 1966, at approximately 4:15 p.m., claimant was driving her automobile in the eastbound lane of the New York State Thruway. When she entered the area known as the “ cut ” or “ rock ”, a few miles east of Batavia, her automobile was struck from the rear by an unidentified vehicle, causing considerable damage and her claimed bodily injuries. She was rendered unconscious for a short time. Upon regaining consciousness, she spoke to a State trooper who was *408 at the scene of the accident. She was taken by bus and ambulance to St. Jerome’s Hospital in Batavia, where she remained until February 3, 1966. The day following the accident, she was interviewed at St. Jerome’s by a State trooper concerning the accident. On February 4, 1966, claimant was admitted to Deaconess Hospital in Buffalo and remained there for treatment of her injuries from this accident until April 23, 1966.
The accident occurred during a severe snowfall. Visibility was fair to zero because of falling, drifting and blowing snow. Driving was extremely hazardous. Claimant recalls that before the collision, she passed many stalled, abandoned and wrecked vehicles. Upwards of 100 vehicles were involved in accidents in the Thruway area east of Batavia that afternoon. The accident report prepared by a State Trooper, L. T. MacConnell, which lists claimant, indicates that 34 other vehicles were involved in accidents in the immediate vicinity of the “ cut ”.
Claimant is unable to give any description of the vehicle which struck hers, except to say she believed it was a truck. An investigation conducted on her behalf, which included interviews with some of the persons on Trooper MacConnell’s report, and examination of other drivers ’ accident reports, failed to disclose the identity of the vehicle which struck her, the identity of its driver or any witnesses to her accident. This investigation did disclose that claimant was not involved in one massive “ grand slam” pile-up, but that she was injured in one of a series of separate accidents which occurred over a period of time that afternoon.
CPLR 7503 (subd. [b]) under which respondent moves, permits an application to stay arbitration on the ground that (1) a valid agreement was not made or (2) has not been complied with or (3) that the claim sought to be arbitrated is barred by limitation of time. Respondent does not assert that the claim here is barred by limitation of time, nor does it dispute that a valid agreement was not made. MVAIC admits that at the time of the accident herein, claimant was the owner of a valid automobile liability policy containing the required standard New York Automobile Accident Indemnification Endorsement issued pursuant to subdivision (2-a) of section 167 of the Insurance Law. In order to obtain the relief requested upon this application, respondent, as the moving party, has the burden of establishing that the matters it has raised show the insurance agreement has not been complied with.
Claimant is an “ insured ” as defined by subdivision (i) of section 601 of the Insurance Law. As such, she derives her rights from her insurance contract rather than under the pro *409 visions of article 17-A of the Insurance Law. (Matter of Balletti v. MVAIC, 16 A D 2d 814; Matwijko v. Zoladz Lbr., 16 A D 2d 1024.) Instead of showing claimant failed to comply with the terms of her policy, MVAIC has chosen to argue that she has not satisfied the requirements of sections 608 and 618 of the Insurance Law. I am unable to accept this argument. These sections apply only to “qualified” persons. (See Matter of Zweibel v. MVAIC, 39 Misc 2d 240; Matter of Sinclair v. MVAIC, 33 Misc 2d 226; Matter of Zuckerman v. MVAIC, 13 A D 2d 574.) By statute (Insurance Law, § 601, subd. b) an “ insured ” person is excluded from the definition of “ qualified ” person. However, if these sections did apply to an “ insured ’ ’ person, I would be constrained to conclude from the facts before me that claimant made sufficient reasonable effort to ascertain the identity of the vehicle which struck her or its owner or driver. In doing so, I would reject MVAIC’s argument that the vehicle which struck claimant can be identified, since all of the persons against whom claimant might have a cause of action are known from Trooper MacConnell’s report. This argument is based on the inconclusive premises that a “ grand slam ” 35-vehicle pileup occurred, that no other vehicles moved through the scene of such pile-up, and that the vehicle which struck Miss Hanavan could not leave the scene. The facts leave much doubt as to the validity of these premises.
MVAIC’s argument in chief, that the accident which injured claimant did not involve a “ hit and run ” car, must fall on two scores. First, the court is not satisfied the vehicle which struck Miss Hanavan is one of those mentioned on the trooper’s report. It can, with equal validity, be assumed that she was struck by a vehicle which, in the confusion of the scene, remained unidentified or left the scene without stopping. Secondly, MVAIC proposed a too literal interpretation of the definition of “ hit and run ”, that is, if the offending vehicle did not leave the scene of the accident, there was no ‘ ‘ hit and run ’ ’. The intent of both section 167 (subd. 2-a) and article 17-A of the Insurance Law is to compensate innocent victims of motor vehicle accidents where compensation is otherwise unavailable. This purpose is not attained by such literal interpretation of the law. In considering a like problem, Chief Judge Cakdozo stated: “ Few words are so plain that the context or the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity * * * Adherence to the letter will not be suffered to 1 defeat the general purpose and manifest policy intended to be promoted ’ ”. (Surace v. Danna, 248 N. Y. *410 18, 21.) Accordingly, the courts have found “ hit and run” where a driver falsely identified himself (Matter of MVAIC [Gianni], 53 Misc 2d 1064); where the driver did not identify himself because he was unaware that an injury occurred (Matter of Riemenschneider [MVAIC], 20 N Y 2d 547), and where the driver failed to make his identity known (Matter of McKay v. MVAIC, 56 Misc 2d 777). It is evident from the cases that the lack of knowledge of identity of the financially responsible party was the decisive factor. Section 600 of the Vehicle and Traffic Law is designed to obtain such identification by imposing the burden of reporting a motor vehicle accident upon the driver, under sanction of criminal penalties as well as loss of driving privileges.
I also find, that under the circumstances here, claimant’s accident was adequately reported in the required time.
Accordingly, respondent’s application should be denied.