## (February 19, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALTON BLAIR, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: The only proof of negligence in this case was that the accident happened on defendant's wrong side of the road. The only testimony on intoxication was that a Deputy Sheriff smelled alcohol on defendant's breath at the accident scene, but at no time was there any suggestion that defendant be arrested, nor was defendant requested to take a blood-alcohol test. There was no proof that defendant was not mentally and physically in full possession of his faculties. The only testimony on speed was that of the deceased's wife who said the defendant's car was coming toward them fast. She made that observation at night while riding in a car which was traveling 30 to 35 miles per hour, when the defendant was 500 feet away. The proof in this case failed to measure up to the standards of culpable negligence as defined in section 15.05 of the Penal Law. (Appeal from judgment of Onondaga Supreme Court, convicting defendant of criminally negligent homicide.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.

■ In the Matter of the Arbitration between HELEN R. HANAVAN, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order unanimously affirmed, with costs. Memorandum: We are unable to agree with appellant's contention that the claimant failed to report a "hit and run" accident to the police. It appears that claimant notified the State Police that she had been struck by an unknown vehicle, thus complying with the statutory requirement (Insurance Law, § 608, subd. [b]) and the indorsement on her insurance policy. "One who reports an accident to a police officer reports the occurrence, and not in terms of legal consequences. It is then the duty of the investigating policeman to develop such further details as may be available for investigation by questioning or otherwise." (*Matter of Boxill* v. *MVAIC,* 33 A D 2d 13, 15.) Since appellant sought a stay of arbitration, it had the burden of showing the existence of sufficient evidentiary facts to establish a genuine preliminary issue in order to justify a stay. (*Matter of Kuhn* [*MVAIC*], 31 A D 2d 707.) This initial burden has not been met here. We take further note of appellant's failure to request a trial of any claimed issue and thus, in effect, waiving its right thereto. (Appeal from order of Erie Special Term denying motion to stay arbitration.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ. [60 Misc 2d 407.]